IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAVONNE MARIE McCLELLAND,    )
                             )
        Plaintiff,            )
                             )
    v.                        )   Civil Action No. 13-364-E
                             )
COMMISSIONER OF SOCIAL SECURITY,  )
                             )
        Defendant.            )

O R D E R

AND NOW, this 11th day of March, 2015, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the

evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] The Court finds no merit in Plaintiff's position that the Administrative Law Judge ("ALJ") erred in finding her to be not disabled. As to Plaintiff's first argument regarding the weight assigned to the opinion evidence, the ALJ's finding that the opinion of the state reviewing agent, Dr. Roger Glover, Ph.D., was entitled to more weight than that of the consultative examiner, Dr. Derek Roemer, Ph.D., was thoroughly discussed and more than adequately supported by substantial evidence. Moreover, the Court notes that the ALJ's findings relied, not merely on the opinion of Dr. Glover, but on the record evidence as a whole, including the objective medical evidence, Plaintiff's course of treatment, and her work history. (The Court further notes that the ALJ erroneously referred to the state reviewing agent as Arlene Rattan, Ph.D., rather than as Dr. Glover. This clearly appears to have been a mere clerical error, as the ALJ obviously was discussing Dr. Glover's opinion, which he correctly identified by its exhibit number (1A). The parties have raised no concerns as to this issue, and, as stated, this appears to have been simply a typographical or clerical mistake.)

Plaintiff's argument that the ALJ's residual functional capacity ("RFC") determination was insufficient, pursuant to Ramirez v. Barnhart, 372 F.3d 546 (3d Cir. 2004), because it did not expressly address her moderate limitations in regard to concentration, persistence, and/or pace fares no better. First, in Ramirez, the ALJ had found that the claimant "often" suffered from deficiencies of concentration, persistence, or pace, resulting in a failure to complete tasks in a timely manner, and the Third Circuit Court of Appeals held that the ALJ's RFC determination that the claimant was limited to simple, repetitive one or two-step tasks did not sufficiently take the claimant's deficiencies into account. Here, the ALJ found that Plaintiff had "moderate" limitations in concentration, persistence, or pace, as the Social Security regulations pertaining to mental impairments were revised, and the evaluation of concentration, persistence, and pace was changed from a five-point scale based on the frequency of the deficiencies to the current five-point severity scale. See Reynolds v. Commissioner of Soc. Sec., 2011 WL 3273522, at *13 (W.D. Pa. July 29, 2011). Although both "often" and "moderate" occupy the middle position in their respective scales, more recent Third Circuit decisions have distinguished Ramirez based on the difference between "often" suffering from these deficiencies and being "moderately" limited in those areas. See McDonald v. Astrue, 293 Fed. Appx. 941, 946-47 (3d Cir. 2008) (noting that the ALJ properly accounted for his finding that the claimant had moderate limitations in concentration by limiting him to simple, routine tasks). See also Menkes v. Astrue, 262 Fed. Appx. 410, 412 (3d Cir. 2008) ("Having previously acknowledged that [the claimant] suffered moderate limitations in concentration, persistence and pace, the ALJ [properly] accounted for these mental limitations in the hypothetical question by restricting the type of work to 'simple routine tasks.'"). The continuing validity of Ramirez under the new severity scale, therefore, is questionable.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 11) is DENIED and defendant's Motion for Summary Judgment (document No. 13) is GRANTED.

                                                                                                      s/Alan N. Bloch
                                                                                                      United States District Judge

ecf:        Counsel of record

---

      More importantly, though, in <u>Ramirez</u>, the ALJ had limited the claimant to simple, repetitive one or two-step tasks. Here, the mental limitations found by the ALJ in the RFC were more extensive and specific. Plaintiff was limited to simple, routine, repetitive tasks; to low stress work, defined as occasional simple decision-making and occasional changes in the work setting; and to occasional interaction with co-workers and supervisors and no interaction with the public. Further, Plaintiff was limited to work not performed in a fast-paced production environment. (R. 17-18). These limitations go far beyond a limitation to simple, repetitive one or two-step tasks and properly account for Plaintiff's deficiencies in concentration, persistence, and pace. Indeed, Plaintiff herself admits that the ALJ expressly indicated that his RFC findings accounted for Plaintiff's limitations in these areas. In finding, at Step 3 of the sequential analysis, that Plaintiff had moderate limitations in concentration, persistence, and pace, he stated that his Step 3 analysis was not an RFC assessment and that the RFC assessment at Steps 4 and 5 required a more detailed assessment by itemizing various functions contained in the broader categories, such as concentration, persistence, and pace, employed at Step 3. (R. 17). This demonstrates that the ALJ did not fail to address Plaintiff's issues regarding concentration, persistence, and pace, but rather dealt with them in a more specific manner at Steps 4 and 5. Substantial evidence supports his determination.